# EXHIBIT 1

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>26th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | **CASE NO.**<br>12-4560-CD |

Court address: 720 W. Chisholm Street, Alpena, MI 49707
Court telephone no. (989) 354-9520

| Plaintiff's name(s), address(es) and telephone no(s). | v | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Brian W. Sexton<br>853 Marshall Road<br>Coldwater, MI 49036 | | Panel Processing, Inc., a Michigan Corporation<br>and Panel Processing of Coldwater, Inc., a Michigan Corporation<br>Eric G. Smith, Resident Agent<br>120 N. Industrial Hwy.<br>Alpena, MI 49707 |

Plaintiff's attorney, bar no., address, and telephone no.
William A. Pfeifer (P45263)
ISACKSON, WALLACE & PFEIFER, P.C.
114 S. Second Avenue
Alpena, MI 49707    (989) 354-8242

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file an answer with the court and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C]).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 1-27-12 | 4-27-12 | Bonnie Friedrichs |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Branch County, Michigan | Alpena County, Michigan |

Place where action arose or business conducted
Alpena County, Michigan

Date: 1/27/12
Signature of attorney/plaintiff William A. Pfeifer

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT |
|---|---|
| | Case No. 12-_____ CD |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
   together with _____
   List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                         Date
My commission expires: _____  Signature: _____
                         Date                      Deputy court clerk/Notary public
Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments
_____ on _____
                                    Day, date, time
                                    on behalf of _____

Signature

STATE OF MICHIGAN
IN THE 26th CIRCUIT COURT FOR THE COUNTY OF ALPENA

BRIAN W. SEXTON,

    Plaintiff,

vs.

PANEL PROCESSING, INC., A Michigan
Corporation and PANEL PROCESSING OF
COLDWATER, INC., A Michigan Corporation,

    Defendant.

_____

WILLIAM A. PFEIFER (P45263)
Attorney for Plaintiff
ISACKSON, WALLACE & PFEIFER P.C.
114 South Second Avenue
Alpena, MI 49707
(989) 354-8242
_____/

Hon. Michael G. Mack
Circuit Judge

File No. 12-4560 CD



TRUE COPY
JAN 27 2012
BONNIE FRIEDRICHS
ALPENA COUNTY CLERK

## COMPLAINT

    NOW COMES Plaintiff, Brian W. Sexton, by and through his attorney, William A. Pfeifer of the law firm Isackson, Wallace & Pfeifer, P.C. and for his complaint states as follows:

### Jurisdiction, Parties and Background Facts

1. Plaintiff is former employee of Panel Processing, Inc. and Panel Processing of Coldwater, Inc. and a resident of Branch County, Michigan.

2. Defendants Panel Processing, Inc., and Panel Processing of Coldwater, Inc. are Michigan corporations and have their principal place of business and registered offices in Alpena County, Michigan.

3. The amount in controversy exceeds $25,000 exclusive of costs, interest and attorney fees.

4. Plaintiff began his employment with Defendant Corporation on or about August 27, 1984 with the job title of fabricator.

5. Plaintiff, when wrongfully discharged on October of 2011 had the job title of General Manager, Panel Processing, of Coldwater, Inc.

ISACKSON, WALLACE
& PFEIFER, P.C.
ATTORNEYS AT LAW
114 S. SECOND AVENUE
ALPENA, MICHIGAN 49707

6. Starting in April 2011, Plaintiff began questioning whether certain actions taken by Eric G. Smith, Chairman of the Board and the Board of Directors of Panel Processing, Inc. and the Trustees of the ESOP Plan were legal under Federal and State law.

7. On or about April 25, 2011, an election for the Board of Directors of Panel Processing, Inc. was held and James M. Skiba, and Robert Fitch received a majority of the votes in said election and should have been installed as members of the Board of Directors of Panel Processing, Inc.

8. Chairman of the Board, Eric G. Smith, took it upon himself to invalidate the election and to place George LaFleche and Alan Kelsey as Directors even though there was unanimous written consent of the sole shareholders of Panel Processing, Inc., specifically, Plaintiff, Brian W. Sexton and Robert W. Karsten, who were Trustees of the Panel Processing, Inc. Employee Stock Ownership Plan and Money Purchase Plan.

9. On May 2, 2011 after becoming aware that Eric G. Smith did not intend to follow the results of the election, Plaintiff Brian W. Sexton, notified Panel Processing, Inc. and Eric G. Smith that he was in disagreement of the actions taken regarding the removal of himself and Robert W. Karsten from the Trustee positions on the Board of Directors of Panel Processing, Inc. and other actions that had taken place at Panel Processing, Inc. over the past years and months.

Specifically, Plaintiff indicated that he believed that the actions violated the ERISA law and gave him protection under the Whistleblowers' Protection Act and further that he had the right to submit this information to state and federal authorities if changes did not occur to correct the action.

10. Plaintiff was terminated and wrongfully discharged from his employment October 30, 2011 after Defendant employer became aware that Plaintiff and others intended to report suspected violations of state and federal laws.

## Count I
## Cause of Action under Whistleblowers' Protection Act

11. Plaintiff incorporates by reference paragraphs 1 through 10 as if set forth in full.

12. At all material times, Plaintiff was an employee and Defendant was his employer covered by and within the Whistleblowers' Protection Act, MCL 15.361, et. seq.

13. Defendant violated the Whistleblowers' Protection Act when they discriminated against Plaintiff regarding the terms, benefits, conditions and privileges of his employment because he was about to report a violation or suspected violation of state or federal law.

14. The actions of the Defendant were intentional.

JACKSON, WALLACE & PFEIFER, P.C.
ATTORNEYS AT LAW
114 S. SECOND AVENUE
PENA, MICHIGAN 49707

15. As a direct and proximate result of Defendant's unlawful actions against Plaintiff as described, Plaintiff has sustained injuries and damages, including but not limited to, loss of earnings, loss of career opportunities, mental and emotional distress, loss of reputation and esteem in the community; and loss of the ordinary pleasures of everyday life, including the opportunity to pursue gainful occupation of choice.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant as follows:

1. Legal relief:

   A. Compensatory damages in whatever amount he is found to be entitled.

   B. Exemplary damages in whatever amount he is found to be entitled.

   C. Judgment for lost wages, past and future, in whatever amount he is found to be entitled.

   D. An award for the value of lost fringe and pension benefits, both past and future.

   E. An award of interest, costs and reasonable attorney fees.

2. Equitable relief:

   A. An order reinstating Plaintiff to the position he would have held had there been no discrimination or retaliation.

   B. An injunction prohibiting any further acts of retaliation or discrimination.

   C. An award of interest, costs and reasonable attorney fees.

   D. Whatever other equitable relief appears appropriate at the time of final judgment.

### Count II
### Breach of Implied Employment Contract

16. Plaintiff incorporates by reference paragraphs 1 through 15 as if set forth in full.

17. While Plaintiff was employed by Defendant, management of Defendant's company made statements to Plaintiff and to other employees of Defendant that it was Defendant's policy not to discharge Plaintiff or others similarly situated from Defendant's employment as long as he performed his job.

18. Further, while Plaintiff was employed by Defendant, he was led to believe that he would not be terminated except for good cause.

19. Plaintiff relied upon these policies, statements, and representations of Defendant through its agents, servants, or employees. As a result, there was, by express words, implications, or operation of law, a contractual agreement between Plaintiff and Defendant by which Defendant was obligated to terminate Plaintiff's employment only for good cause.

20. As a result of Defendant's termination of Plaintiff's employment, Defendant has breached the contract described above.

21. As a direct and proximate result of the termination and breach of contract, Plaintiff has been placed in financial distress; has suffered loss of wages and benefits, earning capacity, and ability to work; and will suffer these losses in the future.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant in whatever sum to which he is deemed entitled, together with costs, interest, and attorney fees.

I declare that the statements above are true to the best of my information, knowledge, and belief.

Dated: 1/26/12

_____
Brian W. Sexton

PREPARED BY:

_____
William A. Pfeifer (P45263)
Attorney for Plaintiff
ISACKSON, WALLACE & PFEIFER, P.C.
114 S. Second Avenue
Alpena, MI 49707

18. Further, while Plaintiff was employed by Defendant, he was led to believe that he would not be terminated except for good cause.

19. Plaintiff relied upon these policies, statements, and representations of Defendant through its agents, servants, or employees. As a result, there was, by express words, implications, or operation of law, a contractual agreement between Plaintiff and Defendant by which Defendant was obligated to terminate Plaintiff's employment only for good cause.

20. As a result of Defendant's termination of Plaintiff's employment, Defendant has breached the contract described above.

21. As a direct and proximate result of the termination and breach of contract, Plaintiff has been placed in financial distress; has suffered loss of wages and benefits, earning capacity, and ability to work; and will suffer these losses in the future.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant in whatever sum to which he is deemed entitled, together with costs, interest, and attorney fees.

I declare that the statements above are true to the best of my information, knowledge, and belief.

Dated: 1/26/2012

Brian W. Sexton

PREPARED BY:

William A. Pfeifer (P45263)
Attorney for Plaintiff
ISACKSON, WALLACE & PFEIFER, P.C.
114 S. Second Avenue
Alpena, MI 49707

STATE OF MICHIGAN
IN THE 26th CIRCUIT COURT FOR THE COUNTY OF ALPENA

BRIAN W. SEXTON,

    Plaintiff,

vs.

PANEL PROCESSING, INC., A Michigan Corporation and PANEL PROCESSING OF COLDWATER, INC., A Michigan Corporation,

    Defendant.

Hon. Michael G. Mack
Circuit Judge

File No. 12-4560 CD

WILLIAM A. PFEIFER  (P45263)
Attorney for Plaintiff
ISACKSON, WALLACE & PFEIFER P.C.
114 South Second Avenue
Alpena, MI  49707
(989) 354-8242



## JURY DEMAND

    NOW COMES Plaintiff, by and through his attorney, and hereby demands a trial by jury in the above matter.

Dated: January 27, 2012

                                /s/ William A. Pfeifer
                                William A. Pfeifer (P45263)
                                Attorney for Plaintiff
                                ISACKSON, WALLACE & PFEIFER, P.C.
                                114 S. Second Avenue
                                Alpena, MI  49707