UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN W. SEXTON,

      Plaintiff,

v

PANEL PROCESSING, INC.,
a Michigan corporation, and
PANEL PROCESSING OF
COLDWATER, INC., a Michigan
corporation,

      Defendant.

Case No. 1:12-cv-10946
Hon. Thomas Ludington

---

ISACKSON, WALLACE & PFEIFER, P.C.
William A. Pfeifer (P45263)
Attorney for Plaintiff
114 South Second Avenue
Alpena, MI 49707
(989) 354-8242

BODMAN PLC
Steven J. Fishman (P13478)
Donald H. Scharg (P29225)
David A. Malinowski (P72076)
Attorneys for Defendant
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000

---

## DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

      NOW COME the Defendants, Panel Processing, Inc. and Panel Processing of Coldwater, Inc. (collectively "Panel"), by and through their counsel, Bodman PLC, and for their Answer to Complaint and Affirmative Defenses, states as follows:

### Jurisdiction, Parties and Background Facts

      1.     Plaintiff is a former employee of Panel Processing, Inc. and Panel Processing of Coldwater, Inc., and a resident of Branch County, Michigan.

**RESPONSE:**

Denied as untrue.  By way of further answer, Defendants deny that Plaintiff was an employee of Panel Processing, Inc., and admit that Plaintiff is a former employee of Panel Processing of Coldwater, Inc. and a resident of Branch County, Michigan.

2.      Defendants Panel Processing, Inc. and Panel Processing of Coldwater, Inc. are Michigan corporations and have their principal place of business and registered offices in Alpena County, Michigan.

**RESPONSE:**

Denied as untrue.  By way of further answer, Panel Processing of Coldwater, Inc. admits that its principal place of business is in Branch County, Michigan, and is a Michigan corporation with its registered offices in Alpena County, Michigan.  By way of further answer, Defendants admit that Panel Processing, Inc. is a Michigan corporation that has its registered offices in Alpena County, Michigan, and its principal place of business in Alpena County, Michigan.

3.      The amount in controversy exceeds $25,000 exclusive of costs, interest and attorney fees.

**RESPONSE:**

Denied as untrue.

4.      Plaintiff began his employment with Defendant Corporation in August 27, 1984 with the job title of fabricator.

**RESPONSE:**

Admitted.

5.      Plaintiff, when wrongfully discharged on October of 2011, had the title of General Manager, Panel Processing of Coldwater, Inc.

Troy_650037_1

**RESPONSE:**

Denied that Plaintiff was wrongfully discharged. By way of further answer, Defendants admit Plaintiff's last job title with Defendant was General Manager, Panel Processing of Coldwater, Inc., and his last day of employment was October 30, 2011.

6.      Starting in April 2011, Plaintiff began questioning whether certain actions taken by Eric G. Smith, Chairman of the Board and Board of Directors of Panel Processing, Inc. and the Trustees of the ESOP Plan were legal under Federal and State law.

**RESPONSE:**

Denied as untrue.

7.      On or about April 25, 2011, an election for the Board of Directors of Panel Processing, Inc. was held and James M. Skiba, and Robert Fitch received a majority of the votes in said election and should have been installed as members of the Board of Directors of Panel Processing.

**RESPONSE:**

Denied as untrue.

8.      Chairman of the Board, Eric G. Smith, took it upon himself to invalidate the election and to place George LaFleche and Alan Kelsey as Directors even though there was unanimous written consent of the sole shareholders of Panel Processing, Inc., specifically Plaintiff Brian W. Sexton and Robert W. Karsten, who were Trustees of the Panel Processing, Inc. Employee Stock Ownership Plan and Money Purchase Plan.

**RESPONSE:**

Denied as untrue.

Troy_650037_1

9.     On May 2, 2011, after becoming aware that Eric G. Smith did not intend to follow the results of the election, Plaintiff Brian W. Sexton notified Panel Processing, Inc. and Eric G. Smith that he was in disagreement of the actions taken regarding the removal of himself and Robert W. Karsten from the Trustee positions on the Board of Directors of Panel Processing, Inc. and other actions that had taken place at Panel Processing, Inc. over the past years and months.

Specifically, Plaintiff indicated that he believed that the actions violated the ERISA law and gave him protection under the Whistleblowers' Protection Act and further that he had the right to submit this information to state and federal authorities if changes did not occur to correct the action.

**RESPONSE:**

Defendants lack knowledge or information relating to Plaintiff's thought process to form a belief about the truth of the mater asserted, and leaves Plaintiff to his proofs. By way of further answer, Defendants admit that Plaintiff sent an e-mail stating he was in disagreement with the actions taken by Panel Processing, Inc., alleged Plaintiff's actions received protection under the Whistleblowers' Protection Act, and stated that he had the right to submit information to state and federal authorities if changes did not occur. The e-mail speaks for itself.

10.    Plaintiff was terminated and wrongfully discharged from his employment October 30, 2011 after Defendant employer became aware that Plaintiff and others intended to report suspected violations of state and federal laws.

**RESPONSE:**

Denied as untrue.

**Count I**
**Causes of Action under Whistleblowers' Protection Act**

11.    Plaintiff incorporates by reference paragraphs 1 through 10 as if set forth in full.

4

**RESPONSE:**

Defendants incorporate by reference their responses to paragraphs 1 through 10 as if set forth in full.

12.    At all material times, Plaintiff was an employee and Defendant was his employer covered by and within the Whistleblowers' Protection Act, MCL 15.361, et. seq.

**RESPONSE:**

Admitted that Plaintiff is a former employee of Panel Processing of Coldwater, Inc. Neither admitted nor denied that Plaintiff was covered by the Whistleblowers' Protection Act as this calls for a conclusion of law.

13.    Defendant violated the Whistleblowers' Protection Act when they discriminated against Plaintiff regarding the terms, benefits, conditions and privileges of his employment because he was about to report a violation or suspected violation of state or federal law.

**RESPONSE:**

Denied as untrue.

14.    The actions of Defendant were intentional.

**RESPONSE:**

Defendants cannot respond to this allegation because it does not identify which actions of Defendants were allegedly intentional.   If Plaintiff is alleging that Defendants intentionally violated the Whistleblowers' Protection Act, that allegation is denied as untrue.

15.    As a direct and proximate result of Defendant's unlawful actions against Plaintiff as described, Plaintiff has sustained injuries and damages, including but not limited to, loss of earnings, loss of career opportunities, mental and emotional distress, loss of reputation and

Troy_650037_1

esteem in the community; and loss of the ordinary pleasures of everyday life, including the opportunity to pursue gainful occupation of choice.

**RESPONSE:**

Denied as untrue.

WHEREFORE, Defendants requests that this Honorable Court dismiss Plaintiff's action with prejudice and award Defendants their costs and attorney fees wrongfully incurred in defending this action.

## Count II
## Breach of Implied Employment Contract

16.     Plaintiff incorporates by reference paragraphs 1 through 15 as if set forth in full.

**RESPONSE:**

Defendants incorporate by reference their responses to paragraphs 1 through 15 as if set forth in full.

17.     While Plaintiff was employed by Defendant, management of Defendant's company made statements to Plaintiff and to other employees of Defendant that it was Defendant's policy not to discharge Plaintiff or others similarly situated from Defendant's employment as long as he performed his job.

**RESPONSE:**

Denied as untrue.

18.     Further, while Plaintiff was employed by Defendant, he was led to believe that he would not be terminated except for good cause.

**RESPONSE:**

Denied as untrue.

Troy_650037_1

19.     Plaintiff relied upon these policies, statements, and representations of Defendant through its agents, servants, or employees.   As a result, there was, by express words, implications, or operation of law, a contractual agreement between Plaintiff and Defendant by which Defendant was obligated to terminate Plaintiff's employment only for good cause.

**RESPONSE:**

Denied as untrue.

20.     As a result of Defendant's termination of Plaintiff's employment, Defendant has breached the contract described above.

**RESPONSE:**

Denied as untrue.

21.     As a direct and proximate result of the termination and breach of contract, Plaintiff has been placed in financial distress; has suffered loss of wages and benefits, earning capacity, and ability to work; and will suffer these losses in the future.

**RESPONSE:**

Denied as untrue.

WHEREFORE, Defendants respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice and award Defendants their costs and attorney fees incurred wrongfully incurred in defending this action.

**AFFIRMATIVE DEFENSES**

1.     Plaintiff's Complaint fails to state a claim upon which relief could be granted.

2.     Federal law preempts Plaintiff's state law claim under the Michigan Whistleblowers' Protection Act.

3.     Plaintiff has failed to mitigate his damages.

7

4.      Defendant's actions have been undertaken for legitimate business reasons.

5.      Plaintiff's claims are barred for the reason that Plaintiff was employed as an at-will employee.

6.      Defendant Panel Processing, Inc. is not a proper party.

7.      Defendants reserve the right to amend their Affirmative Defenses as additional facts become known through discovery.

BODMAN PLC


By:   /s/Donald H. Scharg
Steven J. Fishman (P13478)
Donald H. Scharg (P29225)
David A. Malinowksi (P72076)
Attorneys for Defendant
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
Dated:   March 1, 2012                     dscharg@bodmanlaw.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2012, I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system.

and

I hereby certify that on March 1, 2012, I have mailed by United States Postal Service the

foregoing paper to the following:

William A. Pfeifer
Isackson, Wallace & Pfeifer, P.C.
114 South Second Avenue
Alpena, MI 49707


BODMAN PLC

By: /s/ Donald H. Scharg
Steven J. Fishman (P13478)
Donald H. Scharg (P29225)
David A. Malinowski (P72076)
201 West Big Beaver Rd., Ste. 500
Troy, MI 48084
(248) 743-6000
dscharg@bodmanlaw.com
Attorneys for Defendant

Troy_650037_1