# EXHIBIT 11

### STATE OF MICHIGAN
### IN THE 26th CIRCUIT COURT FOR THE COUNTY OF ALPENA

BRIAN W. SEXTON,

          Plaintiff,

vs.

PANEL PROCESSING, INC., A Michigan
Corporation and PANEL PROCESSING OF
COLDWATER, INC., A Michigan Corporation,

          Defendant.

Hon. Michael G. Mack
Circuit Judge

File No. 12- 45 60 - CD

TRUE COPY
JAN 27 2012
BONNIE FRIEDRICHS
ALPENA COUNTY CLERK

---

WILLIAM A. PFEIFER  (P45263)
Attorney for Plaintiff
ISACKSON, WALLACE & PFEIFER P.C.
114 South Second Avenue
Alpena, MI 49707
(989) 354-8242

---

### COMPLAINT

      NOW COMES Plaintiff, Brian W. Sexton, by and through his attorney, William A. Pfeifer of the law firm Isackson, Wallace & Pfeifer, P.C. and for his complaint states as follows:

#### Jurisdiction, Parties and Background Facts

1.      Plaintiff is former employee of Panel Processing, Inc. and Panel Processing of Coldwater, Inc. and a resident of Branch County, Michigan.

2.      Defendants Panel Processing, Inc., and Panel Processing of Coldwater, Inc. are Michigan corporations and have their principal place of business and registered offices in Alpena County, Michigan.

3.      The amount in controversy exceeds $25,000 exclusive of costs, interest and attorney fees.

4.      Plaintiff began his employment with Defendant Corporation on or about August 27, 1984 with the job title of fabricator.

5.      Plaintiff, when wrongfully discharged on October of 2011 had the job title of General Manager, Panel Processing, of Coldwater, Inc.

EXHIBIT 1
WIT: Sexton
DATE: 5-30-12

MARIE PUCHEL, CSR, CRR

6.   Starting in April 2011, Plaintiff began questioning whether certain actions taken by Eric G. Smith, Chairman of the Board and the Board of Directors of Panel Processing, Inc. and the Trustees of the ESOP Plan were legal under Federal and State law.

7.   On or about April 25, 2011, an election for the Board of Directors of Panel Processing, Inc. was held and James M. Skiba, and Robert Fitch received a majority of the votes in said election and should have been installed as members of the Board of Directors of Panel Processing, Inc.

8.   Chairman of the Board, Eric G. Smith, took it upon himself to invalidate the election and to place George LaFleche and Alan Kelsey as Directors even though there was unanimous written consent of the sole shareholders of Panel Processing, Inc., specifically, Plaintiff, Brian W. Sexton and Robert W. Karsten, who were Trustees of the Panel Processing, Inc. Employee Stock Ownership Plan and Money Purchase Plan.

9.   On May 2, 2011 after becoming aware that Eric G. Smith did not intend to follow the results of the election, Plaintiff Brian W. Sexton, notified Panel Processing, Inc. and Eric G. Smith that he was in disagreement of the actions taken regarding the removal of himself and Robert W. Karsten from the Trustee positions on the Board of Directors of Panel Processing, Inc. and other actions that had taken place at Panel Processing, Inc. over the past years and months.

     Specifically, Plaintiff indicated that he believed that the actions violated the ERISA law and gave him protection under the Whistleblowers' Protection Act and further that he had the right to submit this information to state and federal authorities if changes did not occur to correct the action.

10.  Plaintiff was terminated and wrongfully discharged from his employment October 30, 2011 after Defendant employer became aware that Plaintiff and others intended to report suspected violations of state and federal laws.

### Count I
### Cause of Action under Whistleblowers' Protection Act

11.  Plaintiff incorporates by reference paragraphs 1 through 10 as if set forth in full.

12.  At all material times, Plaintiff was an employee and Defendant was his employer covered by and within the Whistleblowers' Protection Act, MCL 15.361, et. seq.

13.  Defendant violated the Whistleblowers' Protection Act when they discriminated against Plaintiff regarding the terms, benefits, conditions and privileges of his employment because he was about to report a violation or suspected violation of state or federal law.

14.  The actions of the Defendant were intentional.

CKSON, WALLACE
PFEIFER, P.C.
TTORNEYS AT LAW
8, SECOND AVENUE
NA, MICHIGAN 49707

15.   As a direct and proximate result of Defendant's unlawful actions against Plaintiff as described, Plaintiff has sustained injuries and damages, including but not limited to, loss of earnings, loss of career opportunities, mental and emotional distress, loss of reputation and esteem in the community; and loss of the ordinary pleasures of everyday life, including the opportunity to pursue gainful occupation of choice.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant as follows:

1.   Legal relief:

   A.   Compensatory damages in whatever amount he is found to be entitled.

   B.   Exemplary damages in whatever amount he is found to be entitled.

   C.   Judgment for lost wages, past and future, in whatever amount he is found to be entitled.

   D.   An award for the value of lost fringe and pension benefits, both past and future.

   E.   An award of interest, costs and reasonable attorney fees.

2.   Equitable relief:

   A.   An order reinstating Plaintiff to the position he would have held had there been no discrimination or retaliation.

   B.   An injunction prohibiting any further acts of retaliation or discrimination.

   C.   An award of interest, costs and reasonable attorney fees.

   D.   Whatever other equitable relief appears appropriate at the time of final judgment.

## Count II
## Breach of Implied Employment Contract

16.   Plaintiff incorporates by reference paragraphs 1 through 15 as if set forth in full.

17.   While Plaintiff was employed by Defendant, management of Defendant's company made statements to Plaintiff and to other employees of Defendant that it was Defendant's policy not to discharge Plaintiff or others similarly situated from Defendant's employment as long as he performed his job.

ICKSON, WALLACE
& PFEIFER, P.C.
ATTORNEYS AT LAW
4 S. SECOND AVENUE
ENA, MICHIGAN 49707

18.   Further, while Plaintiff was employed by Defendant, he was led to believe that he would not be terminated except for good cause.

19.   Plaintiff relied upon these policies, statements, and representations of Defendant through its agents, servants, or employees. As a result, there was, by express words, implications, or operation of law, a contractual agreement between Plaintiff and Defendant by which Defendant was obligated to terminate Plaintiff's employment only for good cause.

20.   As a result of Defendant's termination of Plaintiff's employment, Defendant has breached the contract described above.

21.   As a direct and proximate result of the termination and breach of contract, Plaintiff has been placed in financial distress; has suffered loss of wages and benefits, earning capacity, and ability to work; and will suffer these losses in the future.

WHEREFORE,  Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant in whatever sum to which he is deemed entitled, together with costs, interest, and attorney fees.

I declare that the statements above are true to the best of my information, knowledge, and belief.

Dated: _1/26/12_

_Brian W. Sexton_ with permission
Brian W. Sexton                          (see Attached)
                                          by Wigs

PREPARED BY:

_William A. Pfeifer_
William A. Pfeifer (P45263)
Attorney for Plaintiff
ISACKSON, WALLACE & PFEIFER, P.C.
114 S. Second Avenue
Alpena, MI 49707

18.  Further, while Plaintiff was employed by Defendant, he was led to believe that he would not be terminated except for good cause.

19.  Plaintiff relied upon these policies, statements, and representations of Defendant through its agents, servants, or employees. As a result, there was, by express words, implications, or operation of law, a contractual agreement between Plaintiff and Defendant by which Defendant was obligated to terminate Plaintiff's employment only for good cause.

20.  As a result of Defendant's termination of Plaintiff's employment, Defendant has breached the contract described above.

21.  As a direct and proximate result of the termination and breach of contract, Plaintiff has been placed in financial distress; has suffered loss of wages and benefits, earning capacity, and ability to work; and will suffer these losses in the future.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant in whatever sum to which he is deemed entitled, together with costs, interest, and attorney fees.

I declare that the statements above are true to the best of my information, knowledge, and belief.

Dated: 1/26/2012

Brian W. Sexton

PREPARED BY:

William A. Pfeifer (P45263)
Attorney for Plaintiff
ISACKSON, WALLACE & PFEIFER, P.C.
114 S. Second Avenue
Alpena, MI  49707

### STATE OF MICHIGAN
### IN THE 26ᵗʰ CIRCUIT COURT FOR THE COUNTY OF ALPENA

BRIAN W. SEXTON,

        Plaintiff,

vs.

PANEL PROCESSING, INC., A Michigan
Corporation and PANEL PROCESSING OF
COLDWATER, INC., A Michigan Corporation,

        Defendant.

Hon. Michael G. Mack
Circuit Judge

File No. 12-4560 CD

---

WILLIAM A. PFEIFER   (P45263)
Attorney for Plaintiff
ISACKSON, WALLACE & PFEIFER P.C.
114 South Second Avenue
Alpena, MI  49707
(989) 354-8242

TRUE COPY
JAN 27 2012
BONNIE FRIEDRICHS
ALPENA COUNTY CLERK

---

### JURY DEMAND

    NOW COMES Plaintiff, by and through his attorney, and hereby demands a trial by jury in the above matter.

Dated: January 27, 2012

Wrarft

William A. Pfeifer (P45263)
Attorney for Plaintiff
ISACKSON, WALLACE & PFEIFER, P.C.
114 S. Second Avenue
Alpena, MI  49707