# B Y L A W S

## of

## PANEL PROCESSING, INC.

## ARTICLE I

## MEETINGS

Section 1.  **Place of Meetings**.  Meetings of Shareholders and of the Board of Directors may be held within or without the State of Michigan.

Section 2.  **Annual Meeting of Shareholders**.  The annual meeting of Shareholders shall be held at the registered office of this corporation, or at such place as shall be designated by the Board, on the second Saturday of March, or such other date as may be set by the Board of Directors.  One of the purposes of such meeting shall be the election of Directors.

Section 3.  **Notice of Annual Meeting**.  At least ten (10), but not more than sixty (60), days prior to the date of an annual meeting, written notice of the time, place, and purpose of such meeting shall be mailed, as provided in Section 10 of this Article, to each Shareholder entitled to vote at the meeting.

Section 4.  **Delayed Annual Meeting**.  If, for any reason the annual meeting shall not be held on the day so designated, such meeting may be called and held as a special meeting with the same proceedings as at an annual meeting; provided, however, that the notice of such meeting shall be the same as required for an annual meeting.

EXHIBIT 2

Section 5. <u>Special Meetings of Shareholders</u>. A special meeting of Shareholders may be called at any time by the President or by any two (2) Directors in manner as follows: Upon receipt of a specification in writing setting forth the time, place and purpose of such proposed special meeting signed by the President or by any two (2) Directors, the Secretary shall prepare, sign and mail the notice requisite to such meeting.

Section 6. <u>Notice of Special Meeting of Shareholders</u>. At least ten (10), but no more than sixty (60) days prior to the date fixed for the holding of any special meeting, written notice of the time, place, and purpose of such meeting shall be mailed, as provided in Section 10 of this Article, to each Shareholder entitled to vote at the meeting.

Section 7. <u>Organization Meeting of the Board</u>. The Board shall convene in March of each year for the purpose of electing officers and transacting any other business properly proposed; provided that the organization meeting in any year may be held at a different time by consent of a majority of the Directors.

Section 8. <u>Regular Meetings of Board</u>. In addition to its organization meeting, the Board may hold regular meetings at such other time and places as it shall from time to time determine. No notice of regular meetings shall be required.

Section 9. <u>Special Meetings of Board</u>. Special meetings of the Board may be called by the President or by any two (2) Directors at any time by means of such written notice by mail or telegraph of the time, place and purpose of such meeting to each Director as the Secretary in his discretion shall deem sufficient, but action taken at any such meeting shall not be invalidated for want of notice if

such notice shall be waived as provided in Section 11 of this Article.

Section 10. <u>Notice and Mailing</u>. All notices required to be given by any provision of these Bylaws shall state the authority pursuant to which they are issued (as, "by order of the President", or "by order of the Board of Directors", as the case may be) and shall bear the signature, or the printed or typed name, of the Secretary. Every notice shall be deemed duly served when it has been deposited in the United States mail, with postage fully prepaid, plainly addressed to the addressee at his, her or its last address appearing upon the original or duplicate stock ledger of this corporation; provided, that telegraph notices under Section 9 of this Article shall be deemed duly served when delivered to the telegraph company for transmission.

Section 11. <u>Waiver of Notice</u>. Notice of the time, place and purpose of any meeting of the shareholders or of the Board may be waived by telegram, radiogram, cablegram, or other writing, either before or after such meeting has been held.

Attendance at any meeting of the Board constitutes a waiver of notice, except where a Director attends for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened.

## ARTICLE II

### QUORUM

Section 1. <u>Quorum of Shareholders</u>. A majority of the outstanding shares of this corporation entitled to vote, present by their record holders in person or by proxy, shall constitute a quorum at any meeting of Shareholders, but Shareholders present or represented at a meeting at which the holders of less than a

majority of the outstanding shares are present or represented may adjourn the meeting for not more than thirty (30) days.

Section 2. <u>Quorum of Directors</u>. A majority of the Directors shall constitute a quorum.

## ARTICLE III

## VOTING, ELECTIONS AND PROXIES

Section 1. <u>Voting</u>. Each Shareholder shall, at every meeting of Shareholders, be entitled to one vote in person or by proxy for each share of capital voting stock of this corporation held by such Shareholder, subject, however, to the full effect of the limitations imposed by the fixed record date for determination of Shareholders set forth in Section 2 of this Article. Directors shall be elected by a plurality of the votes of the Shareholders entitled to vote at each meeting of Shareholders for the election of a Director or Directors.

Section 2. <u>Record Date for Determination of Shareholders</u>. The Board shall have the power to close the stock transfer books of the corporation, or, in lieu of such closing, to fix in advance a date, not exceeding forty (40) days preceding the original date fixed for any meeting of the Shareholders, or the payment of any dividend, or the allotment of rights, or the effective date of any change or conversion or exchange of capital stock, as a record date for the determination of the Shareholders entitled to notice of, and to vote at, any such meeting, or entitled to receive payment of any such dividend, or to any such allotment of rights, or to exercise the rights in respect of any such change, conversion or exchange of capital stock; and in any such case only the shareholders of record

on the date so fixed shall be entitled to such notice of, and to vote at, such meeting, or to receive payment of such dividend, or to receive such allotment of rights, or to exercise such rights, as the case may be, notwithstanding any transfer of any stock on the books of the corporation or otherwise after any such record date fixed pursuant to this Section 2. Nothing in this Section 2 shall affect the rights of a Shareholder or his transferee or transferor as between themselves, nor shall anything in this Bylaw be construed so as to limit the rights of Shareholders in their agreement to elect Directors to the Board provided such agreement conforms to law and is made a part of the corporate records.

Section 3. <u>Proxies</u>. No proxy shall be deemed operative unless and until signed by the Shareholder and filed with the corporation. In the absence of limitation to the contrary contained in the proxy, it shall extend to all meetings of the Shareholders until revoked.

Section 4. <u>Vote by Shareholder Corporation</u>. Any other corporation owning voting shares in this corporation may vote upon such shares by the President of such shareholder corporation, or by proxy appointed by him, unless some other person shall be appointed to vote upon such shares by resolution of the Board of Directors of such Shareholder corporation.

Section 5. <u>Inspectors of Election</u>. Whenever any person entitled to vote at a meeting of Shareholders shall request the appointment of inspectors, the presiding officer shall appoint not more than three inspectors, who need not be Shareholders. If the right of any person to vote at such meeting shall be challenged, the inspectors shall determine such right. The inspectors shall

receive and count the votes either upon an election or for the decision of any question and shall determine the result. Their certificate shall be prima facie evidence of any vote.

## ARTICLE IV

### BOARD OF DIRECTORS

Section 1. <u>Number and Term of Directors</u>. The business, property, and affairs of this corporation shall be managed by a Board of Directors composed of Seven (7) members, who need not be Shareholders of the corporation or residents of Michigan. Each Director shall hold office for the term for which he/she is elected and until his/her successor is elected and qualifies.

Section 2. <u>Vacancies</u>. All vacancies in the membership of the Board may be filled by appointment made by the remaining Directors. Each person so appointed to fill a vacancy shall remain a Director until his successor has been elected by the shareholders, who may make such election at their next annual meeting or at any special meeting for that purpose.

Section 3. <u>Action by Unanimous Written Consent</u>. If and when the Directors shall severally or collectively consent in writing to any action to be taken by the corporation, such action shall be as valid corporation action as though it has been authorized at a meeting of the Board.

Section 4. <u>Power to make Bylaws</u>. The Board shall have power to make and alter any Bylaw or Bylaws; provided that the board shall not make or alter any Bylaw or Bylaws fixing the qualifications, classifications, or term of office of any member or members of the then existing Board or fixing or altering the number of Directors.

Section 5. <u>Power to Elect Officers</u>. The Board shall select a Chairman, a President, a Secretary, and a Treasurer. No officers except the President need be a member of the Board. Any two offices may be held by the same person.

Section 6. <u>Power to Appoint Other Officers and Agents</u>. The Board shall have power to appoint such other officers and agents as it shall deem necessary for transaction of the business of the corporation.

Section 7. <u>Removal of Officers and Agents</u>. Any officer or agent may be removed by the Board whenever in its judgment the business interests of the corporation shall be served by such removal.

Section 8. <u>Power to Fill Vacancies</u>. The Board shall have power to fill any vacancy in any office occurring from any reason whatsoever.

Section 9. <u>Delegation of Powers</u>. For any reason it deems sufficient, whether occasioned by absence or otherwise, the Board may delegate all or any of the powers and duties of any officer to any other officer or director, but no officer or director shall execute, acknowledge or verify any instrument in more than one capacity.

Section 10. <u>Power to Appoint Executive Committee</u>. The Board shall have power to appoint by resolution an executive committee composed of two or more Directors, who, to the extent provided in such resolution, shall have and exercise the authority of the Board in the management of the business of the corporation between meetings of the Board.

Section 11. <u>Power to Require Bonds</u>. The Board may require any officer or agent to file with the corporation a satisfactory bond

conditioned for faithful performance of his duties.

Section 12. <u>Compensation</u>. The compensation of Directors and officers shall be fixed by the Board.

## ARTICLE V

### OFFICERS

Section 1. <u>Chairman</u>. The Chairman shall preside over all meetings of Shareholders and of the Board, shall be ex officio a member of all standing committees, and shall be the chief executive officer of the corporation.

Section 2. <u>President</u>. The President shall be chosen from the membership of the Board, shall be ex officio a member of all standing committees, and shall be the chief operating officer of the corporation.

Section 3. <u>Secretary</u>. The Secretary shall attend all meetings of the Shareholders, of the Board, and of the executive committee, and shall preserve in books of the corporation true minutes of the proceedings of all such meetings. He shall give all notices required by statute, Bylaws or resolution.

Section 4. <u>Treasurer</u>. The Treasurer shall have custody of all corporate funds and securities and shall keep in books belonging to the corporation full and accurate accounts of all receipts and disbursements; he shall deposit all moneys, securities and other valuable effects in the name of the corporation in such depositories as may be delegated for that purpose by the Board. He shall disburse such funds of the corporation as may be ordered by the Board, taking proper vouchers for such disbursements, and shall render to the President and Directors at the regular meetings of the Board,

and whenever requested by them, an account of all his transactions as Treasurer and of the financial condition of the corporation.

## ARTICLE VI

### STOCK AND TRANSFERS

Section 1. <u>Certificates for Shares</u>. Every shareholder shall be entitled to a certificate of his shares signed by either the Chairman or the President as one of the two signatures required, and by either the Secretary or an assistant secretary for the second signature. Such certificate, under the seal of the corporation, shall certify the number and class of shares represented by such certificate.

Section 2. <u>Transferable Only on Books of Corporation</u>. Shares shall be transferable only on the books of the corporation by the person named in the certificate, or by attorney lawfully constituted in writing, and upon surrender of the certificate for such shares. A record shall be made of every such transfer and issue. Whenever any transfer is made for collateral security and not absolutely, the fact shall be so expressed in the entry of such transfer.

Section 3. <u>Registered Shareholders</u>. The corporation shall have the right to treat the registered holder of any share as its absolute owner, and shall not be bound to recognize any equitable or other claim to, or interest in, such share on the part of any other person whether or not the corporation shall have express or other notice of such claim except as may be otherwise provided by law.

Section 4. <u>Regulations</u>. The Board shall have power and authority to make all such rules and regulations as the Board shall deem expedient regulating the issue, transfer and registration of certificates

for shares in the corporation.

## ARTICLE VII

### DIVIDENDS AND RESERVES

Section 1. *Sources of Dividends*. The Board shall have power and authority to declare dividends from any surplus legally available for that purpose.

Section 2. *Manner of Payment of Dividend*. Dividends may be paid in cash, in property, in obligations of the corporation, or in shares of the capital stock of the corporation.

Section 3. *Reserves*. The Board shall have power and authority to set apart out of any funds available for dividends, such reserve or reserves, for any proper purpose, as the board in it discretion shall approve, and the Board shall have power and authority to abolish any reserve it has created.

## ARTICLE VIII

### EXECUTION OF INSTRUMENTS

Section 1. *Checks, etc.* All checks, drafts, and orders for payment of money shall be signed in the name of the corporation by such officer or officers or agent or agents as the Board shall from time to time designate for that purpose.

Section 2. *Contracts, conveyances, etc.* When the execution of any contract, conveyance or other instrument has been authorized without specification of the executing officers, the President or a Vice-President, and the Secretary or Assistant Secretary, may undertake the execution in the name and on behalf of this corporation and affix the corporate seal. The Board shall have power to designate the officers and agents who shall have authority to execute and seal

any instrument on behalf of this corporation.

## ARTICLE IX

### SEAL AND MISCELLANEOUS MATTERS

Section 1. <u>Seal of the Corporation</u>. The seal of the corporation shall be in such form as shall be adopted and approved by the Board, shall remain in the custody of the Secretary of the corporation, unless otherwise directed by the Board, and shall be affixed by the Secretary, or by any other officer authorized by the Board, to such instruments as shall be required by law or by the Board to be executed under the seal of the corporation.

Section 2. <u>Fiscal Year of the Corporation</u>. The fiscal year of the corporation shall end on such date as shall be designated by the Board.

## ARTICLE X

### AMENDMENT OF BYLAWS

Section 1. <u>Amendments, How Effected</u>. These Bylaws may be amended, altered, changed, added to or repealed by the affirmative vote of a majority of the shares entitled to vote at any meeting of Shareholders if notice of the proposed amendment, alteration, change, addition or repeal is contained in the notice of the meeting, or, subject to the limitations previously specified in Section 4 of Article IV of these Bylaws, by the affirmative vote of a majority, or by the written consent of all, of the Board; provided that any Bylaws made by the Board may be amended, altered, changed, added to or repealed by the affirmative vote of a majority of the shares entitled to vote at any meeting of shareholders; also, provided that no change of the date for the annual meeting of Shareholders

shall be made within thirty (30) days next before the day on which such meeting is to be held, except with the written consent of, or by a resolution adopted by, all Shareholders entitled to vote at the annual meeting.

## ARTICLE XI

### INDEMNIFICATION

Any person shall be indemnified and reimbursed by this corporation for expenses actually and reasonably incurred by him or her and liabilities imposed upon him or her in connection with or arising out of any action, suit, or proceeding, civil or criminal, or threat thereof, in which he or she may be involved by reason of his or her being or having been a Director, officer, or employee of this corporation, or of any firm, corporation, or organization which he or she served in any capacity at the request of this corporation, to the maximum extent permitted by, and in accordance with, the relevant provisions of the Michigan Business Corporation Act. Neither this corporation nor its Directors or officers shall be liable to anyone for any determination of such Directors or officers as to the existence or absence of conduct which would provide a basis for making or refusing to make any payment hereunder or for taking or omitting to take any other action hereunder, in reliance upon the advice of counsel. A court of competent jurisdiction may make a determination as to the right of a person to indemnification and reimbursement hereunder in any specific case upon the application of such person, despite the failure or refusal of the Directors and Shareholders to make provision therefor. The foregoing right of indemnification and reimbusement shall not be exclusive of other rights to which such

person may be entitled as a matter of law and shall inure to the benefit of his or her heirs, executors, and administrators. Notwithstanding anything herein to the contrary, the right of indemnification herein provided shall be applicable only to the extent that such liabilities and expenses are not otherwise recoverable by or through (l) policies of insurance which may be carried by or for the benefit of such persons, or this corporation, or any other corporation or organization, or (ii) other rights against unrelated third parties. The indemnification rights covered herein shall continue to apply to an individual who has ceased to be a Director, officer, or employee.

## ARTICLE XII

### CONTRACTS WITH DIRECTORS

A Director of the corporation shall not, in the absence of fraud, be disqualified by his/her office from dealing or contracting with the corporation, either as a vendor, purchaser, supplier of services or otherwise, nor in the absence of fraud shall, insofar as permitted by statute, any transaction or contract of the corporation be void or voidable or affected by reason of the fact that any Director, or any firm of which any Director is a member, or any corporation of which any Director is an officer, director, or shareholder, is in any way interested in such transaction or contract; even though the vote or action of Directors, officers, or Shareholders having such adverse interest may have been necessary to obligate the corporation upon such contract or transaction. At any meeting of the Board of Directors of the corporation (or any duly authorized committee thereof) which shall authorize or ratify any such contractor transaction, any such Director or Directors may vote or act thereat with

like force and effect as if he/she had not such interest, provided, in such case, the nature of such interest (though not necessarily the extent or details thereof) shall be disclosed, or shall have been known to the Directors or a majority thereof. A general notice that a Director or officer is interested in any corporation or other concern of any kind above referred to shall be sufficient disclosure as to such Director or officer, with respect to all contracts and transactions with such corporation or other concern. No Director shall be disqualified from holding office as Director or officer of the corporation by reason of any such adverse interest. In the absence of fraud, no Director, officer, or Shareholder having such adverse interest shall be liable to the corporation or to any Shareholder or creditor thereof, or to any other person, for any loss incurred by it under or by reason of such contract of transaction, nor shall any such Director, officer, or Shareholder be accountable for any gains or profits realized thereon.