UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN W. SEXTON,

    Plaintiff,

v

PANEL PROCESSING, INC.,
a Michigan corporation, and
PANEL PROCESSING OF
COLDWATER, INC.

    Defendants.

Case No. 1:12-cv-10946
Hon. Thomas L. Ludington
Magistrate Judge Charles E. Binder

---

ISACKSON, WALLACE & PFEIFER, P.C.
William A. Pfeifer (P45263)
Attorney for Plaintiff
114 South Second Avenue
Alpena, MI 49707
(989) 354-8242

BODMAN PLC
Steven J. Fishman (P13478)
Donald H. Scharg (P29225)
David A. Malinowski (P72076)
Attorneys for Defendants
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000

---

**REPLY BRIEF IN SUPPORT OF**

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Brian Sexton ("Plaintiff" or "Sexton") is suing Panel Processing, Inc., and Panel Processing of Coldwater (jointly "Panel" or "Defendants") alleging his discharge violated Michigan's Whistleblower Protection Act, MCLA 15.361 et. seq. ("WPA") and breached his implied employment contract because of his actions and/or threatened actions under the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. 1001, et. seq., pertaining to an Employee Stock Ownership Plan ("ESOP").  Panel seeks summary judgment. Sexton's deposition confirmed that he cannot state claims against Panel and no further discovery would change the result.  Plaintiff's Response Brief ("PRB") confirms that his state-law claims are preempted by ERISA and that summary judgment on all of Sexton's claims is appropriate.[1]

A.     **Sexton Has Conceded ERISA Preemption Of His State Law Claims**

Panel seeks dismissal of Plaintiff's state law causes of action (whistleblower and breach of contract) as completely preempted by ERISA which has its own whistleblower provision, 29 USC § 1140 (§ 510).  Sexton explicitly and implicitly agrees.

In the PRB, Sexton concedes, "ERISA preemption of state law claims is broad;" "*Authier v Ginsberg*, 757 F.2d 796, 800 (6th Cir. 1985) does indicate, in general, that if the action relates to an ERISA plan, it is preempted;" "a alleged violation of ERISA is <u>a portion</u> of the [WPA] complaint;" and "even if the court were to determine that preemption is appropriate regarding ERISA (which it appears that it is)...." (PRB at 7-9) (Underlining in original).  Plaintiff has clearly recognized that his WPA claim is preempted.

---

[1] After **agreeing** to a stay of discovery (Dkt 10), Sexton adds an affidavit stating "I believe additional facts exist that would support my claims in this lawsuit."  (PRB at EX 1)  Sexton's discovery request must be rejected.  He has not identified any evidence he seeks to discover nor explained how discovery would rebut the absence of a genuine issue of material fact.  *Ghaith v. Rauschenberger*, 778 F. Supp. 2d 787, 796 (ED MI 2011).  In any event, further discovery would add nothing to this case.

Sexton's implicit preemption concession is demonstrated by his failure to distinguish, or even mention *DeFelice v. Heritage Animal Hospital,* 2010 WL 3906147 *5 (ED MI) (WPA claim preempted) and *McSharry v. Unumprovident Corp.*, 237 F.Supp.2d 875, 881 (ED TN 2002) (preemption of state whistleblower and common law wrongful discharge claims).  Both decisions adhere to the Sixth Circuit rule, "a state law cause of action is preempted if 'it has connection with or reference to that plan." *Comwell v. Equicor-Equitable HCA Corp*., 944 F.2d 1272, 1275 (1991) (citation omitted)

Sexton fails to mention *Defelice* and *McSharry* for a good reason; they cannot be distinguished.  No matter how much Sexton tries to artificially label or re-label his claims, it remains an ERISA based Complaint.  Pages 3-5 of the PRB are filled with his explanations of the ERISA governed ESOP and voting for vacancies connected with this ERISA plan.  Sexton's May 2, 2011 email, which he claims led to his termination, alleges violations of ERISA and threatens complaints to the U.S. Department of Labor.  Likewise, the wrongful discharge claim, Count II, is irrevocably interwoven within ERISA. *McSharry; Hashimoto v Bank of Hawaii*, 999 F.2d 408, 410 (9th Cir. 1993) (to "determine whether [plaintiff's] complaints were a motivating factor in her discharge, the court must find not only the existence of an ERISA plan but also must interpret ERISA to determine whether a violation of law existed or potentially existed."); *Anderson v. Electronic Data Systems Corp*., 11 F.3d 1311 (5th Cir. 1994).

Finally, Sexton's last-gasp assertion that he has a whistleblower claim for violation of the Michigan Business Corporations Act, MCLA 450.1101 *et.seq*. ("MBCA") and unidentified "other violations of state or federal laws not related to ERISA" must fail.  (PRB at 7-9)  There are no such claims in the Complaint and deleting the ERISA references does not divest the Court of its jurisdiction to dismiss the Complaint. *Anderson, at* 1316.

Any amendment to add MBCA or other unidentified claims should be rejected as futile. *Rogers v. Detroit Police Dept*., 595 F.Supp.2d 757, 761 (ED MI 2009).  Plaintiff, a fiduciary of the ESOP,[2] has failed to articulate a claim which is not intertwined with ERISA.[3]  Even the undefined MBCA claim alleging improper actions of the ESOP's governance necessarily impacts ERISA.  State law cannot be used to determine the validity of the ESOP board meeting adjournment, ESOP board election, ESOP board vote, ESOP ballot counting, ESOP trustee removal, or ESOP trustee voting; all of which require interpretation of the ESOP documents and ERISA.

**B.     Plaintiff's Claim That ERISA § 510 Does Not Encompass Unsolicited Internal Complaints Must Be Rejected**

Once ERISA preemption is established, the next issue is whether Sexton has stated a claim under § 510, the only whistleblower claim available to him.  *Edwards v A.H. Cornell & Son, Inc.*, 610 F.3d 217 (3rd Cir. 2010); *Hashimoto*; *Anderson.*  Sexton misplaced reliance on *King v. Marriot International*, 337 F.3d 421 (4th Cir. 2003) is confusing; it is either a rehash of preemption issues or to support his MBCA whistleblower claim.  Both fail.

The plaintiff in *King* was terminated after her internal written and verbal complaints about funds transferred from a medical plan.  Her state wrongful discharge action was removed to federal court and a motion to remand was denied.  The issue in the Fourth Circuit was whether her claim should have been remanded, a different issue than presented here.  Unlike every other court examining this issue, the Fourth Circuit concluded that § 510 was only triggered by

---

[2]  Under ERISA, "a person is a fiduciary with respect to a plan to the extent ... he exercises ... any authority or control respecting management or disposition of its assets...or has authority or responsibility to do so...." 29 USC 1002(21)(A).

[3]  "State law can...apply to transactions between plans and their creditors or their landlords or their own employees, because those relationships are outside ERISA's purview." *Hashimoto,* at 411.

3

testimony in a legal or administrative proceeding and could not be "fairly construed" to extend to intra-office complaints. *King* at 427-428. The Fourth Circuit reached its decision by analogizing to the Fair Labor Standards Act ("FLSA"), 29 USC 201 *et. seq*..

There are several reasons *King* does not apply here. First, King was decided before the Supreme Court's decision in *Aetna Health, Inc. v Davila*, 542 U.S. 200, 208; 124 S.Ct. 2488 (2004) which ruled that ERISA preemption of state law claims is broad. Second, *King* is contrary to *Authier*, the controlling Sixth Circuit precedent, which instructs, "Allowing a fiduciary to bring a state law cause of action for retaliatory discharge, as in the present case, will create inconsistency in the enforcement of ERISA." *Authier*, at 802. Third, *Niclaou v. Horizon Media*, 402 F. 3d 325 (2d Cir. 2005), cited by Sexton, supports preemption on oral complaints. Fourth, Sexton has conceded preemption of WPA claim. Fifth, the legal underpinning of *King* has been rejected by the Supreme Court in *Kasten v. Saint-Gobain Performance Plastics Corp*., 563 U.S. __; 131 S.Ct. 1325, 1329 (2011) which held oral complaints are sufficient to satisfy the FLSA.

There is no reason for this Court to adopt the now-discredited *King* rationale. That Sexton calls his claim a MBCA claim or something else is irrelevant. His claim is related to the ESOP and ERISA. The first issue in the instant Motion is whether Counts I and II are preempted by ERISA - the answer is "Yes." Once preempted, the final issue is whether Sexton's testimony supports an ERISA whistleblower claim - the answer is "No." Sexton's claims are preempted and must be dismissed.

C.     The Breach Of Contract Claim, Count II, Must Be Dismissed

Panel also seeks dismissal of Sexton's claim for breach of an implied contract because he admittedly signed at least two (2) at-will agreements. Sexton's PRB ignores the effect of his signed at-will statements. Dismissal of Count II remains required.

Sexton claims a 2003 verbal assurance that his actions as a director would not affect his position created a legitimate expectation of just cause employment. This claim is defective. He fails to understand that a legitimate expectation claim can only exist in the absence of an at-will statement. ***Rood v. General Dynamics Corp.***, 444 Mich. 107 (1993) did not have an at-will statement and Sexton's reliance on ***Rowe v. Montgomery Ward***, 437 Mich. 627 (1991) is plain wrong. Contrary to Sexton, Rowe holds that **no** legitimate expectation claim can exist even after the employee's receipt of an unsigned at-will statement. *Id*. at 651. See also, ***Mannix v. County of Monroe***, 348 F.3d 526, 534-536 (6th Cir. 2003)(legitimate expectations from personnel policies cannot exist where at-will agreement). ***Pepperman v Auto. Club of Mich. Ins. Grp.,*** 181 Mich. App. 519, 521 (1989) and ***Nieves v Bell Indus., Inc.***, 204 Mich. App. 459 (1994), which reject his theory, were ignored by Sexton. The 2003 "oral assurance" did not survive Sexton's later at-will statements. .

Summary Judgment should be granted on Count I and Count II of the Complaint.

                                                     BODMAN PLC

                                                     By:    /s/Donald H. Scharg
                                                     Donald H. Scharg (P29225)
                                                     Attorneys for Defendants
                                                     201 West Big Beaver Road, Suite 500
                                                     Troy, MI 48084
                                                     (248) 743-6000
Dated:  August 7, 2012                        dscharg@bodmanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to:

    bill@alpenalegal.com

    BODMAN PLC

    By:   /s/Donald H. Scharg
    Donald H. Scharg (P29225)
    Attorneys for Defendants
    201 West Big Beaver Road, Suite 500
    Troy, MI 48084
    (248) 743-6000

Dated:  August 7, 2012    dscharg@bodmanlaw.com