UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN W. SEXTON,

    Plaintiff,

v

PANEL PROCESSING, INC.,
a Michigan corporation, and
PANEL PROCESSING OF
COLDWATER, INC.

    Defendants.

Case No. 1:12-cv-10946
Hon. Thomas L. Ludington
Magistrate Judge Charles E. Binder

---

ISACKSON, WALLACE & PFEIFER, P.C.
William A. Pfeifer (P45263)
Attorney for Plaintiff
114 South Second Avenue
Alpena, MI 49707
(989) 354-8242

BODMAN PLC
Steven J. Fishman (P13478)
Donald H. Scharg (P29225)
David A. Malinowski (P72076)
Attorneys for Defendants
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000

---

## **DEFENDANTS' MOTION FOR RECONSIDERATION**

    Defendants Panel Processing, Inc. and Panel Processing of Coldwater, Inc., by their attorneys, Bodman PLC, and under E.D. Mich. LR 7.1(h)(3), move for reconsideration of the Court's October 30, 2012 Opinion and Order Granting In Part Defendants' Motion For Summary Judgment and Declining Jurisdiction Over Plaintiff's State Law Claim, for the reasons stated in the accompanying brief. Defendants request that the Court recognize that it has federal jurisdiction over Count II of Plaintiff's Complaint and then dismiss the claim with prejudice.

Troy_680796_1

In accordance with E.D. Mich. LR 7.1(a), Defendants sent Plaintiff a letter in which Defendants explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

BODMAN PLC

By: /s/ Donald Scharg
Donald H. Scharg (P29225)
Attorneys for Defendants
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
dscharg@bodmanlaw.com

Dated:   November 13, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN W. SEXTON,

    Plaintiff,

v

PANEL PROCESSING, INC.,
a Michigan corporation, and
PANEL PROCESSING OF
COLDWATER, INC.

    Defendants.

Case No. 1:12-cv-10946
Hon. Thomas L. Ludington
Magistrate Judge Charles E. Binder

---

| ISACKSON, WALLACE & PFEIFER, P.C. | BODMAN PLC |
|---|---|
| William A. Pfeifer (P45263) | Steven J. Fishman (P13478) |
| Attorney for Plaintiff | Donald H. Scharg (P29225) |
| 114 South Second Avenue | David A. Malinowski (P72076) |
| Alpena, MI 49707 | Attorneys for Defendants |
| (989) 354-8242 | 201 West Big Beaver Road, Suite 500 |
| | Troy, MI 48084 |
| | (248) 743-6000 |

---

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION**

## STATEMENT OF ISSUES PRESENTED

1. Whether the Court committed a "palpable defect" in its October 30, 2012 Opinion and Order Granting In Part Defendants' Motion For Summary Judgment and Declining Jurisdiction Over Plaintiff's State Law Claim ("Opinion") by not recognizing it had federal question jurisdiction over Count II of Plaintiff's Complaint, the claim for breach of an implied contract.

        Plaintiff states:    No

        Defendants state:    Yes

2. Whether the Court committed a "palpable defect" in its Opinion, will reconsider the Opinion, and dismiss Count II as preempted by Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et. seq.

        Plaintiff states:    No

        Defendants state:    Yes

Defendants Panel Processing, Inc., ("PPI") and Panel Processing of Coldwater ("Coldwater") (collectively "Panel" or "Defendants") seek reconsideration of that portion of the Court's October 30, 2012 Opinion and Order Granting In Part Defendants' Motion For Summary Judgment and Declining Jurisdiction Over Plaintiff's State Law Claim ("Opinion") which declined jurisdiction over Count II of the Complaint[1] filed by Plaintiff Brian Sexton ("Plaintiff" or "Sexton"). Panel had removed the state court Complaint to federal court based upon the complete preemption doctrine of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. 1001, et. seq.. DE 1[2] at 4-5. Count II of the Complaint alleged that Panel wrongfully terminated Plaintiff's employment in violation of breach of his implied employment contract because of his actions and/or threatened actions pertaining to ERISA and an Employee Stock Ownership Plan ("ESOP"). The Opinion issued after Panel sought dismissal of all of Sexton's claims because, *inter alia*, "**both** of his state-law allegations are preempted by ERISA." DE 9 at 1. (Emphasis added)

Limited reconsideration is sought because the Opinion has a "palpable defect" for which "correcting will result in a different disposition of the case. " E.D. Mich. L.R. 7.1(h)(3) "A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain." *Scozzari v. City of Clare*, 723 F.Supp.2d 974, 981-982 (E.D. Mich., 2010). The palpable defect in the instant case is that the Court did not address ERISA preemption of the implied employment claim of Count II because the Court erroneously concluded that "Defendants [only] removed the

---

[1] The Court's determination in the Order that Plaintiff's whistleblower claim under Whistleblower Protection Act, MCLA 15.361 et. seq. ("WPA") in Count I was preempted by ERISA and dismissed is not being challenged.

[2] References to documents previously filed with the Court and in the Pacer electronic docket as identified as "DE" for Docket Entry and followed by the appropriate number.

1

case to this Court based on ERISA preemption of the state whistleblower claim. They now move for summary judgment." DE 16 at 10. Defendants, however, removed the entire Complaint. Reconsideration is appropriate where the Court has overlooked the fact that the Removal also applied to Count II. *Motor Vehicle Manufacturers Association of the United States v. New York State Department of Environmental Conservation*, 831 F. Supp. 57, 60 (N.D. N.Y. 1993), affirmed in part and reversed on other grounds, 17 F. 3d 521 (2nd Cir. 1993) ("reconsideration will be granted where the Court has over looked matters . . . which may have materially influenced the earlier decisions.").

Panel submits that the Court must determine that it has federal jurisdiction over the implied employment claim in Count II and dismiss it. All of the reasons for finding Count I is preempted also apply to Count II.

A.     **Sexton's Complaint And It's Removal**

In his Complaint, Sexton alleged that the basis of Count II's implied employment contract claim arose from his ERISA related activities:

> 9.     On May 2, 2011, after becoming aware that Eric G. Smith did not intend to follow the results of the election, Plaintiff Brian W. Sexton notified Panel Processing, Inc. and Eric G. Smith that he was in disagreement of the actions taken regarding the removal of himself and Robert W. Karsten from the Trustee positions on the Board of Directors of Panel Processing, Inc. and other actions that had taken place at Panel Processing, Inc. over the past years and months.
>
> Specifically, Plaintiff indicated that he believed that the actions violated the ERISA law and gave him protection under the Whistleblowers' Protection Act and further that he had the right to submit this information to state and federal authorities if changes did not occur to correct the action
>
> 10.     **Plaintiff was terminated and wrongfully discharged from his employment October 30, 2011 after Defendant employer became aware that Plaintiff and others intended to report suspected violations of state and federal laws.**

2

> \*          \*          \*
>
> Count II
>
> Breach of Implied Employment Contract
>
> 16.   Plaintiff **incorporates by reference paragraphs 1 through 15** as if set forth in full.
>
> 17.   While Plaintiff was employed by Defendant, management of Defendant's company made statements to Plaintiff and to other employees of Defendant that it was Defendant's policy not to discharge Plaintiff or others similarly situated from Defendant's employment as long as he performed his job.
>
> \*          \*          \*
>
> 20.   As a result of Defendant's termination of Plaintiff's employment, Defendant has breached the contract described above.

DE 1. (Emphasis added)

Plaintiff's Complaint uses the May 2 "whistleblower" email to establish ERISA-based claims under Counts I and II. In essence, Count II uses the basic underlying ERISA allegations to claim that Plaintiff's termination breached an implied employment contract as well as the WPA. Sexton's ERISA claim is part and parcel of Count II.

Panel removed the Complaint based on ERISA. The removal statue, 29 USC 1446(a), required Panel to provide a "short and plain statement of the grounds for removal...." Under § 1446(b), "The court need only be provided with the facts from which removal jurisdiction can be determined." ***White V. Humana Health Plan, Inc.,*** 2007 WL 1297130 (N.D.Ill.)[3] Thus, Panel was required to cite "the proper statutory basis for removal, and [allege] facts from which the

---

3   Copies of non-reported cases are attached as EX 1.

3

district court could determine that removal was appropriate."[4] ***Pet Quarters, Inc. V. Depository Trust and Clearing Corporation,*** 559 F.3d 772, 779 (8th Cir. 2009).

Panel met the § 1446(b) notice requirements in the instant Removal to place Count II within the Court's federal question jurisdiction.

> 4. Plaintiff is a former employee of Panel Processing of Coldwater, Inc. Plaintiff alleges that he was discharged in violation of Michigan's Whistleblower Protection Act ("WPA") because he was about to report violations of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. 1001, et. seq., pertaining to an Employee Stock Ownership Plan ("ESOP").
>
> 5. **The above-described case is a civil action of which the Court has original jurisdiction under the complete preemption doctrine.** Under the complete preemption doctrine, "Once an area of state law has been completed preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim and therefore arises under federal law." Complete preemption applies here because "ERISA preempts expressly 'any and all State laws insofar as they may now or hereafter relate to any benefit plan." In this case, **Plaintiff alleges he was discharged because he was a whistleblower that was about to report a violation of ERISA concerning the ESOP to a governmental body.** Thus, Plaintiff's claims relate to the ERISA benefit plan. **Accordingly, this Court has jurisdiction over this Complaint.**

DE 1 at ¶ 4-5. (Citations omitted)(Emphasis added).

Panel's short and plain statement sought **removal of the Complaint** based on ERISA. The Removal did not limit itself to just Count I; it did not even mention either Count I or Count II. It

---

[4] See, **Wright and Miller, "[T]he better rule is that detailed grounds for removal need not be set forth in the notice. Rather, it should be sufficient if the court is provided the facts from which its jurisdiction can be determined.** Thus, the same liberal rules employed in testing the sufficiency of a pleading should apply to appraise the sufficiency of a defendant's notice of removal. This liberality of application seems particularly sensible since, in most instances, the district court easily can ascertain whether a particular state court case is removable under the governing removal and original subject-matter jurisdiction statutes. 14C Fed. Prac. & Proc. Juris. § 3733 (4th ed.) (Emphasis added)

is clear that Count II was also removed to this Court under the complete jurisdiction doctrine and was before the Court for resolution.

**B.   Panel's Summary Judgment Brief Sought Dismissal Of Count II Based On ERISA Preemption**

Not only did Panel remove the Complaint based on ERISA, but it repeatedly raised the defense that Count II was also preempted and subject to dismissal under ERISA. Panel's briefs are replete with the ERISA challenge to Count II starting with the first Statement of Issues Presented[5] and continuing in the body of the briefs:

> "The lawsuit must be dismissed **because both of his state-law allegations are preempted** by ERISA." DE 9 at 1.

> "Similarly, *McSharry v Unumprovident Corp.* found that plaintiff's state whistleblower complaint **and common law wrongful discharge complaint were completely preempted by ERISA** under the complete preemption doctrine. The court stated 'by [Congress] providing an ERISA civil enforcement causes of action, [ERISA] completely preempts any state cause of action seeking the same relief, regardless of how artfully the complaint is pleaded as a state law claim.' *McSharry v Unumprovident Corp.*, 237 F.Supp.2d 875, 881 (ED Tenn. 2002)." DE 9 at 7.

> "Sexton's state-law complaints allege state whistleblower (Count I) and an implied breach of contract (Count II) **stemming from his discharge**." DE 9 at 8.

> "In his Complaint, Sexton alleges whistleblower protection and **retaliatory discharge in breach of an implied contract because he questioned the legality of actions taken by Smith and the Trustees.**" DE 9 at 8.

> "**All of these claims are preempted by ERISA**, because they depend upon the existence of the ERISA plan and alleged violations of duties imposed by ERISA, and interpretation of ERISA." DE 9 at 8.

> "**The state-law causes of action are preempted** because ERISA contains its own anti-retaliation and whistleblower provision. *Defelice*; *McSharry*;. 29 U.S.C. § 1140." DE 9 at 8.

> "***Sexton…is suing Panel…alleging his discharge violated Michigan's Whistleblower Protection Act…and **breached his implied employment contract because of his**

---

5   DE 9 at iii.

actions and/or threatened actions under [ERISA]...pertaining to an [ESOP]." DE 14 at 1.

"No matter how much Sexton tries to artificially label or re-label his claims, **it remains an ERISA based Complaint.**" DE 14 at 2.

"**Likewise, the wrongful discharge claim, Count II, is irrevocably interwoven within ERISA.**" DE 14 at 2.

(References to the underlying discovery record omitted)(Emphasis added)

Count II was part and parcel of the removal and the motion for summary judgment. At the very least, Count I's whistleblower claims were so intertwined with Count II as the sole basis for wrongful discharge under the implied employment claim that Count II should have likewise been dismissed.

In the Opinion, this Court has acknowledged the broad scope of ERISA's preemption provisions. DE 16 at 11-14. Based on *McSharry*, and for the reasons stated in the Opinion and Panel briefs, ERISA also preempts the breach of employment claim in Count II. See DE 16 at 11-14; DE 9 at 6-8. This Court should correct the palpable defect, consider the preemption of Count II, and then modify the Order to dismiss Count II, the implied employment contract claim as preempted by ERISA.

6

## II.    CONCLUSION

For all of the foregoing reasons, this Court should grant Defendant's Motion For Reconsideration, consider the preemption of Count II, and then modify the Order to dismiss Count II, the implied employment contract claim as preempted by ERISA.

                                                BODMAN PLC

                                                By:    /s/Donald H. Scharg
                                                          Donald H. Scharg (P29225)
                                               Attorneys for Defendants
                                               201 West Big Beaver Road, Suite 500
                                               Troy, MI 48084
                                               (248) 743-6000

Dated:    November 13, 2012                dscharg@bodmanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to:

bill@alpenalegal.com

BODMAN PLC

By: __/s/Donald H. Scharg__
Donald H. Scharg (P29225)
Attorneys for Defendants
201 West Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
dscharg@bodmanlaw.com

Dated:   November 13, 2012

8