UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN SEXTON,

        Plaintiff,

                                      Case No. 12-10946

v.                                      Honorable Thomas L. Ludington

PANEL PROCESSING, INC., et al.,

        Defendants.

_____ /

**OPINION AND ORDER DENYING
DEFENDANTS' MOTION FOR RECONSIDERATION**

Preemption under the Employee Retirement Income Security Act of 1974 (ERISA) is broad. But it is not so broad as to encompass all breach of contract actions involving entities with ERISA-qualifying benefit plans.

Here, the plaintiff alleges that the defendant breached the plaintiff's employment contract by terminating his employment without just cause. This claim has three elements. First, did the defendant promise that the plaintiff's employment would only be terminated for just cause? Second, did the plaintiff sufficiently perform his job? And third, did he suffer damages? None of the elements relate to the defendant's ERISA plan. The claim is not preempted.

**I**

For 27 years Plaintiff Brian Sexton was employed by Defendants Panel Processing, Inc., and Panel Processing of Coldwater, Inc. Promoted several times over the years, Plaintiff eventually became the general manager of Defendants' facility in Coldwater, Michigan. In 2003, Plaintiff was appointed to Defendants' board of directors. Four or five years later (Plaintiff does

not recall precisely when), he was appointed as a trustee of Defendants' employee stock ownership plan (ESOP), an ERISA-qualifying employee benefit plan.

In the spring of 2011, Plaintiff alleges, employees mounted a grass-roots campaign to elect two-write in candidates to the board of directors. Shortly before the election, the board held a meeting and voted Plaintiff out as ESOP trustee. A short time later, the election was held. The write-in candidates won in a landslide. The board, however, refused to seat them as directors.

The board meeting was held on a Friday. The following Monday, Plaintiff emailed Defendants' CEO. Asserting that the board's decision refusing to seat the write-in candidates and removing Plaintiff as trustee violated "ERISA and the Michigan Corporations Business Act and other state and federal laws," he threatened to report the board's actions to the authorities "unless they are immediately remedied." Defendants did not respond to Plaintiff's email, much less "remedy" their actions. Plaintiff, however, did not bring his complaints to the authorities.

Six months passed. In the fall of 2011, Defendants terminated Plaintiff's employment. This litigation ensued. Plaintiff filed a two-count complaint in state court. Count one asserted a claim under Michigan's Whistleblowers' Protection Act. Count two asserted a claim for breach of an implied employment contract under *Toussaint v. Blue Cross & Blue Shield of Michigan*, 292 N.W.2d 880 (1980).

Defendants removed the case to this Court based on ERISA preemption and moved for summary judgment. Granting the motion in part, the Court concluded that Plaintiff's whistleblower claim was preempted by § 510 of ERISA, 29 U.S.C. § 1140. *Sexton v. Panel Processing, Inc.*, --- F.Supp.2d ----, 2012 WL 5353605 (E.D. Mich. Oct. 30, 2012). The court declined supplemental jurisdiction over Plaintiff's breach of contract claim.

Defendants move for reconsideration of that decision, asserting that the breach of contract claim is also preempted by ERISA.

## II

A motion for reconsideration will be granted only if the moving party shows: "(1) a 'palpable defect,' (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Mich. Dept. of Treasury v. Michalec*, 181 F.Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Michalec*, 181 F.Supp. 2d at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D.Mich.1997)).

Here, Defendants do not make this showing.

## III

### A

Subject to exceptions not relevant here, ERISA preempts all state laws and claims that "relate to" qualified employee benefit plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45 (1987) (citing 29 U.S.C. § 1144(a)). The words "relate to" must be read "in their broad sense." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98 (1983).

But, the Supreme Court instructs, courts must also "presume that Congress did not intend to pre-empt areas of traditional state regulation." *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 740 (1985); *see also Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 522 (1981) (cautioning that the preemption analysis "must be guided by respect for the separate spheres of governmental authority preserved in our federalist system").

Courts must therefore take a "common-sense view of the matter." *Metro. Life Ins.*, 471 U.S. at 740. A state law or claim "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw*, 463 U.S. at 96–97. In contrast, "state laws and state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral are not preempted." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991). The Sixth Circuit explains, "It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Zuniga v. Blue Cross & Blue Shield of Mich.*, 52 F.3d 1395, 1401 (6th Cir. 1995) (quoting *Cromwell*, 944 F.2d at 1276).

## B

Plaintiff's breach of contract claim is contained in count two of the complaint. That count alleges:

> While Plaintiff was employed by Defendant, management of Defendant's company made statements to Plaintiff and to other employees of Defendant that it was Defendant's policy not to discharge Plaintiff or others similarly situated from Defendant's employment as long as he performed his job.

> Further, while Plaintiff was employed by Defendant, he was led to believe that he would not be terminated except for good cause.

> Plaintiff relied upon these policies, statements, and representations of Defendant through its agents, servants, or employees. As a result, there was, by express words, implications, or operation of law, a contractual agreement between Plaintiff and Defendant by which Defendant was obligated to terminate Plaintiff's employment only for good cause.

> As a result of Defendant's termination of Plaintiff's employment, Defendant has breached the contract described above.

> As a direct and proximate result of the termination and breach of contract, Plaintiff has been placed in financial distress; has suffered loss of wages and benefits, earning capacity, and ability to work; and will suffer these losses in the future.

Compl. ¶¶ 17–21.

This type of claim, as noted, is often referred to as a "*Toussaint*" claim after the decision in *Toussaint v. Blue Cross and Blue Shield of Michigan*, 292 N.W.2d 880 (Mich. 1980); *see generally Baggs v. Eagle-Picher Indus., Inc.*, 957 F.2d 268, 271–72 (6th Cir. 1992) (discussing *Toussaint* and progeny); Joanna C. Kloet, Comment, *Using Promissory Estoppel to Preserve Traditional Contract Principles and Protect Employee Rights*, 2005 Mich. St. L. Rev. 1235, 1240–45 (2005) (discussing *Toussaint*).

The Michigan Supreme Court applies a two-step inquiry to evaluate a *Toussaint* claim. *Lytle v. Malady*, 579 N.W.2d 906, 911 (Mich. 1998). "The first step," the court instructs, "is to determine, what, if anything, the employer has promised." *Rood v. Gen. Dynamics Corp.*, 507 N.W.2d 591, 606 (Mich. 1993) (emphasis omitted). A "promise" is defined as "a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made." *Id.* (quoting *Restatement (Second) of Contracts* § 2(1) (1981)). The second step "is to determine whether the promise is reasonably capable of instilling a legitimate expectation of just-cause employment in the employer's employees." *Rood*, 507 N.W.2d at 607. If these two steps are established, the court will find "an employment contract providing that an employee shall not be discharged except for cause." *Toussaint*, 292 N.W.2d at 885.

To establish a breach of contract claim under Michigan law, in turn, a plaintiff  must then: "(1) prov[e] the existence of the contract; (2) produc[e] testimony that he had performed it up to the time of his discharge; and (3) provid[e] proof of damages." *Sanders v. Kettering Univ.*, 411 F. App'x 771, 777 (6th Cir. 2010) (citing *Rasch v. City of E. Jordan*, 367 N.W.2d 856, 858 (Mich. Ct. App. 1985)).

**C**

Here, for Plaintiff to prove his breach of contract claim he must first establish that Defendant made a promise to Plaintiff that reasonably instilled a legitimate expectation of just-cause employment.  Second, he must establish that he was sufficiently performing his job such that Defendant lacked just cause for terminating the employment relationship.  And third, Plaintiff must establish damages.

None of these elements require Plaintiff to establish the existence of an ERISA plan. Indeed, none relate to the existence of an ERISA plan.

*Authier v. Ginsberg*, 757 F.2d 796 (6th Cir. 1985) is instructive.  The plaintiff alleged that the termination of his employment violated Michigan public policy because he was discharged for fulfilling his duties under ERISA.  The Sixth Circuit concluded that the cause of action was preempted by ERISA, explaining:

> [The plaintiff's] action hinges upon his assertion that he was terminated for fulfilling his obligations under ERISA.  More importantly, ERISA created the public policy element of the common law action.  In our view, even though the Michigan cause of action regulates ostensibly employment relationships and not pension plans, preemption is not precluded in this specific application.

*Id.* at 800; *see also McSharry v. Unumprovident Corp.*, 237 F. Supp. 2d 875, 880 (E.D. Tenn. 2002) (concluding Tennessee common law wrongful discharge claim was preempted by ERISA because it "depend[ed] upon the existence of ERISA plans and alleged violations of fiduciary duties imposed by ERISA").

In *Yelle v. United Water Springfield LLC*, 795 F. Supp. 2d 169 (D. Mass. 2011), in contrast, the plaintiff had a contract that included a promise of just-cause employment and benefits pursuant to an ERISA-regulated plan.  After he was terminated, he brought suit for

breach of contract alleging that he was terminated without just cause. Concluding that the cause of action was not preempted by ERISA, the court wrote:

> ERISA preempts common law when a court must evaluate or interpret the terms of the ERISA-regulated plan to determine liability under the state law cause of action. Here, no such evaluation or interpretation is necessary. . . . The issues requiring resolution do not concern Plaintiff's eligibility for an ERISA plan or his rights pursuant to an ERISA plan but rather his rights pursuant to a contract.

*Id.* at 174–75 (quotation marks and citation omitted) (quoting *Hampers v. W.R. Grace & Co.*, 202 F.3d 44, 52 (1st Cir. 2000)).

Here, unlike in *Authier*, Plaintiff's breach of contract claim does not relate to (much less hinge upon) an ERISA plan. Rather, as in *Yelle*, Plaintiff's claim depends solely on what Defendant promised regarding termination and how Plaintiff performed on the job.

ERISA preemption, as noted, is broad — but not so broad as to encompass all breach of contract actions involving entities with ERISA-qualifying plans. Because Plaintiff's breach of contract claim does not relate to the ERISA plan, it is not preempted.

**IV**

Accordingly, it is **ORDERED** that Defendants' motion for reconsideration (ECF No. 20) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 12, 2013

<hr>

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 12, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS